NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| CACHET FINANCIAL SERVICES, a California corporation, | No. 23-55217 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-01157-SPG-JEM |
| v. | |
| BERKLEY INSURANCE COMPANY, a Delaware corporation; GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

Argued and Submitted February 13, 2024
Pasadena, California

Before: W. FLETCHER, NGUYEN, and LEE, Circuit Judges.

Cachet Financial Services appeals the district court's dismissal of its lawsuit

against Berkley Insurance Company and Great American Insurance Company. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for further proceedings.

Cachet is a financial services company providing Automated Clearing House ("ACH") transactions and related payroll services for its clients in the payroll industry. Cachet contracted with payroll firms, known as "remarketers," to provide ACH transaction services. Cachet entered into written agreements with remarketers MyPayrollHR and iGreen Payroll Services, Inc. under which Cachet would act as an ACH services provider to route payments from their clients to those clients' employees. Cachet alleges that these two remarketers caused over $40 million in losses by uploading fraudulent batch files into Cachet's computer system.

After the insurers denied coverage, Cachet sued them. The district court rejected Cachet's arguments that the losses were covered under (1) the Forgery or Alteration Insuring Agreement and (2) the Computer And Funds Transfer Fraud Insuring Agreement. Cachet timely appealed.

1. <u>Forgery or Alteration Insuring Agreement.</u> Cachet contends that the losses are covered under the Forgery or Alteration Insuring Agreement, which requires the insurers to pay for any "loss resulting directly from 'forgery' or alteration of checks, drafts, promissory notes, or similar written promises, orders or directions to pay a sum certain in 'money' . . . ." The policy does not define "alteration," nor is there any allegation from the pleadings that the parties understood the term to have any

2

specialized or technical meaning. We thus read "alteration" under its plain and ordinary meaning. *See Emp'rs Reinsurance Co. v. Superior Ct.*, 161 Cal. App. 4th 906, 919 (2008).

The batch files here were not "altered" under its plain and ordinary meaning because they were fraudulent to begin with and were never modified. *See Charter Bank Nw. v. Evanston Ins. Co.*, 791 F.2d 379, 383 (5th Cir. 1986) (rejecting coverage where documents were "fraudulent from their inception"); *Suffolk Fed. Credit Union v. CUMIS Ins. Soc'y*, 910 F. Supp. 2d 446, 460 (E.D.N.Y. 2012). The remarketers created the batch files out of whole cloth and then uploaded them onto Cachet's server exactly as created, without any modification to the account information contained therein.

It does not matter that the remarketers had previously submitted non-fraudulent batch files or that the fraudulent files deviated from Cachet's expectations because the batch files at issue were never altered. Suppose, for example, that the remarketers duped Cachet into signing a check issued to an incorrect payee (which turned out to be a fraudulent entity controlled by the remarketers); no one would reasonably say that the check was "altered," even if it was fraudulent. We thus affirm the district court's dismissal of Cachet's claim for coverage under the Forgery or Alteration Insuring Agreement.

3

2. "Fraudulent Entry" under the Computer And Funds Transfer Fraud Insuring Agreement. The Computer And Funds Transfer Fraud Insuring Agreement covers "loss resulting directly from a fraudulent[] (a) Entry of 'electronic data' or 'computer program' into; or (b) Change of 'electronic data' or 'computer program' within; any 'computer system' owned" by Cachet.

The district court concluded that because the term "fraudulent" modifies only the words "entry" and "change"—and not "electronic data" or "computer program"—the policy covers loss from a fraudulent entry or change but not an authorized entry of fraudulent electronic data or a fraudulent computer program into Cachet's computer system. And because Cachet acknowledges that the remarketers were authorized to enter Cachet's computer system to upload the electronic batch files, the district court held that Cachet failed to plausibly allege a "fraudulent entry." *See Universal Am. Corp. v. Nat'l Union Fire Ins. Co.*, 37 N.E.3d 78, 81 (N.Y. 2015) (adopting a similar interpretation of a nearly identical policy language).

While the district court's interpretation of the provision is reasonable, we do not believe that its reading of "fraudulent entry" is the only reasonable one. Although Cachet authorized the remarketers to upload the electronic batch files onto its server, the authorized submission of fraudulent *electronic data* into Cachet's computer system can arguably be described as a "fraudulent entry." Consider this hypothetical: A thief who poses as a repairman to steal a homeowner's jewels may

4

have been "authorized" to enter the home, but a reasonable person may still consider it a "fraudulent entry."

Under California law, consistent with the general rule of contra proferentem, ambiguities in insurance contracts are "generally resolved against the insurer and in favor of coverage." *AXIS Reinsurance Co. v. Northrop Grumman Corp.*, 975 F.3d 840, 847 (9th Cir. 2020). At oral argument, Berkley suggested that because Cachet is a sophisticated insured, contra proferentem should not apply. But under California law, a sophisticated insured can still benefit from contra proferentem unless evidence shows that the insurance provision at issue was a product of actual negotiation and joint drafting by the parties. *AIU Ins. Co. v. Superior Ct.*, 799 P.2d 1253, 1265 (Cal. 1990) (noting that "where the policyholder does not suffer from lack of legal sophistication or a relative lack of bargaining power, and where it is clear that an insurance policy was *actually negotiated and jointly drafted*, [courts] need not go so far in protecting the insured from ambiguous or highly technical drafting" (emphasis added)). Here, nothing suggests that the Computer And Funds Transfer Fraud provision was "actually negotiated and jointly drafted" by the parties. *See id.* So we still apply contra proferentem and construe the ambiguous "fraudulent entry" provision against the insurers. The district court thus erred in concluding that Cachet failed to plausibly allege that it suffered a loss from "fraudulent entry" under the Computer And Funds Transfer Fraud Insuring Agreement.

The insurers contend that, even if Cachet plausibly alleged that it suffered a loss from "fraudulent entry," coverage is still barred under the policy's "Authorized Access" exclusion. We remand this issue for consideration by the district court.

3. "Fraudulent Instruction" under the Computer And Funds Transfer Fraud Insuring Agreement. Cachet failed to plausibly allege that there was a "fraudulent instruction" under the Computer And Funds Transfer Fraud Insuring Agreement. As Cachet concedes, its claim that the batch files constitute "fraudulent instructions" hinges upon whether the batch files were "altered." Because Cachet has failed to plausibly allege an "alteration" of the batch files, there is no coverage under this provision.

4. Bad Faith. Because we reverse the district court's dismissal of Cachet's claim under the Computer And Funds Transfer Fraud Insuring Agreement, we also reverse and remand the dismissal of Cachet's claim for tortious breach of the implied covenant of good faith and fair dealing.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED** for further proceedings consistent with this disposition.